IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| JERRY JONES, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | Case No. 2:19-cv-02692-JPM-dkv |
| v. | ) | |
| | ) | |
| WAL-MART STORES EAST, L.P., | ) | |
| | ) | |
|     Defendant. | ) | |

**ORDER GRANTING MOTION TO DISMISS FOR FAILURE TO PROSECUTE**

Before the Court is Defendant Wal-Mart Stores East, L.P.'s April 9, 2020 Motion to Dismiss pursuant to Federal Rules of Civil Procedure 37 and 41(b).  (ECF No. 17.)  Defendant moves the Court pursuant to Rules 37 and 41(b) to dismiss Plaintiff Jerry Jones's Complaint for failure to prosecute and for failure comply with the Magistrate Judge's Order Granting Defendant's Motion to Compel.  (Id.)  Defendant asserts that Plaintiff failed to respond to its discovery requests, which led to its filing of its February 19, 2020 Motion to Compel.  (Id. at PageID 52.)  Plaintiff also failed to file a response to the Motion to Compel.  (ECF No. 16 at PageID 48.)  The Magistrate Judge warned Plaintiff in the March 11, 2020 Order Granting Defendant's Motion to Compel that his "failure to comply with proper discovery requests, discovery obligations, or orders of this court will lead to dismissal of his complaint."  (Id. at PageID 49.)  Defendant indicates that Plaintiff has not complied with the Magistrate Judge's Order (ECF No. 17 at PageID 52).  Plaintiff also has not responded to the instant Motion, which was due by no later than Thursday, April 23, 2020.  See L.R. 7.2(a)(2) ("The response

to the motion and its supporting memorandum . . . shall be filed within 14 days after service of the motion . . . ."). Plaintiff also improperly filed a Notice of Voluntary Nonsuit on April 24, 2020, which the Court rejected for failure to comply with Federal Rule of Civil Procedure 41(a)(1)(A)(ii). (See ECF Nos. 18, 19.)

>   Federal Rule of Civil Procedure 41(b) provides:
>
>   If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

The Rule is "available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." Schafer v. City of Defiance Police Dep't, 529 F.3d 731, 736 (6th Cir. 2008) (quoting Knoll v. AT&T, 176 F.3d 359, 363 (6th Cir. 1999)) (internal quotation marks omitted). Dismissal of a claim for failure to prosecute "is a harsh sanction which the court should order only in extreme situations showing a clear record of contumacious conduct by the plaintiff." Wu v. T.W. Wang., Inc., 420 F.3d 641, 643 (6th Cir. 2005) (quoting Stough v. Mayville Cmty. Schs., 138 F.3d 612, 614–15 (6th Cir. 1998)).

The Court considers several factors to determine whether dismissal under Rule 41(b) is appropriate:

>   (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

Knoll, 176 F.3d at 363.  These factors are applied "more stringently in cases where the plaintiff's attorney's conduct is responsible for the dismissal."  Harmon v. CSX Transp., Inc., 110 F.3d 364, 367 (6th Cir. 1997).  "[A] case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct."  Knoll, 176 F.3d at 363.

Upon consideration, application of these factors to Plaintiff's case supports dismissal under Rule 41(b).  Although the record does not indicate that Plaintiff's failure to prosecute this case was borne of "willfulness, bad faith, or fault," Defendant has been prejudiced by Plaintiff's failure to respond to several motions, requests and orders in this case.  Such conduct has caused Defendant to "waste time, money, and effort in pursuit of cooperation which [Plaintiff] was legally obligated to provide."  Harmon, 110 F.3d at 368.  Plaintiff has already been warned that failure to cooperate with the Court's orders and to respond to Defendant's discovery requests could lead to dismissal of his case.  See Knoll, 176 F.3d at 363.  The March 11, 2020 Order Granting Defendant's Motion to Compel made clear that "henceforth, failure to comply with proper discovery requests, discovery obligations, or orders of this [C]ourt will lead to dismissal of his complaint."  (ECF No. 16 at PageID 49.)  Although the Court has not issued an order to show cause or taken less drastic measures, Plaintiff has consistently been on notice of his need to comply with this Court's orders and the Federal Rules of Civil Procedure.  (See, e.g., id.; O. Deny. Not. of Nonsuit, ECF No. 19.)  Even Plaintiff's own attempt to voluntarily dismiss the case failed to comply with the Rules.  (ECF Nos. 18, 19.)  In the Court's April 27, 2020 Order Denying Notice of Nonsuit, the Court made clear that Plaintiff could voluntarily dismiss his claim but that he could do so only under Federal Rule of Civil Procedure 41(a)(1)(A)(ii).  (ECF No. 19.)

Plaintiff's conduct throughout this litigation demonstrates a "clear record of delay or contumacious conduct."  Knoll, 176 F.3d at 363.  Plaintiff has now failed to respond to two separate motions and two Court orders.  Plaintiff has disobeyed the Order Granting Defendant's Motion to Compel Discovery.  (ECF No. 16 at PageID 48; ECF No. 17-1 at PageID 53.)  Plaintiff did not properly file a stipulation of dismissal following the Court's Order Denying Notice of Nonsuit.  (ECF No. 19.)  Plaintiff has also failed to respond timely to the instant Motion to Dismiss, which is itself grounds for dismissal.  See L.R. 7.2(a)(2) ("Failure to respond timely to any motion, other than one requesting dismissal of a claim or action, may be deemed good grounds for granting the motion.").  This is the type of dilatory conduct warranting dismissal under Rule 41(b).  See Parks v. City of Memphis, 88 F. App'x 897 (6th Cir. 2004) (affirming dismissal of case "based on Park's repeated failures to comply with court rules and court orders"); see also Byars v. Potter, No. 04-2939-M1/V, 2006 WL 1867351, at *2 (W.D. Tenn. June 30, 2006) ("[P]laintiff's failure to participate in discovery, her failure to respond to the motion to dismiss, and her marked lack of diligence in familiarizing herself with the Federal Rules of Civil Procedure and the local rules of this Court" warranted dismissal.).

For these reasons, the Court **GRANTS** the Motion to Dismiss.  Plaintiff's Complaint is **DISMISSED WITH PREJUDICE.**  Judgment shall be entered for Defendant.

**SO ORDERED**, this 27th day of May, 2020.

    /s/ Jon P. McCalla
JON P. McCALLA
UNITED STATES DISTRICT JUDGE

4